# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:98-00038 |
| ) | Judge Nixon |
| JAMAL SHAKIR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court are the following Motions: Defendant Jamal Shakir's ("Defendant" or "Shakir") Motion for Mistrial Based on Prosecutorial Misconduct (Doc. No. 3212), to which the Government filed a Response in opposition (Doc. No. 3224); Defendant's Objections to Subjecting Defendant to Multiple Punishments (Doc. No. 3228), to which the Government filed a Response in opposition (Doc. No. 3240); Defendant's Motion *in Limine* To Prohibit Improper Closing Argument (Doc. No. 3243), to which the Government filed a Response in opposition (Doc. No. 3248), and the Defendant subsequently filed a Reply (Doc. No. 3252); Defendant's Motion to Inform Counsel of Communication from Jury During Deliberations (Doc. No. 3236); Defendant's Motion to Limit Closing Argument (Doc. No. 3253); the Government's Motion to Admit Artis Grant's Grand Jury Testimony for Consideration by Jury in Penalty Phase Deliberations (Doc. No. 3247), to which the Defendant filed a Response in opposition (Doc. No. 3251); and the Government's First Motion for Leave to File Amended Notice of Intent to Seek a Sentence of Death Against Defendant Jamal Shakir (Doc. No. 3238). The above-referenced Motions were addressed in a hearing before the Court

-1-

on May 9, 2008.

During the hearing the Court ruled on the following Motions and this Order affirms those oral rulings: the Court **DENIES** Defendant's Motion for Mistrial Based on Prosecutorial Misconduct (Doc. No. 3212); **GRANTS** Defendant's Motion to Inform Counsel of Communication from Jury During Deliberations (Doc. No. 3236); **DENIES** the Government's Motion to Admit Artis Grant's Grand Jury Testimony for Consideration by Jury in Penalty Phase Deliberations (Doc. No. 3247); and **GRANTS in part** and **DENIES in part** Defendant's Motion to Limit Closing Argument (Doc. No. 3253). The Court suggests that the parties conform their arguments to the lengths discussed in the hearing, specifically, that the Government limits its opening argument to 1.5 hours, that the Defendant do likewise, and that the Government complete its rebuttal argument in a timely manner, so that the Court may charge the jury on Monday, May 12, 2008.

In addition, the Court hereby **GRANTS** the Government's First Motion for Leave to File Amended Notice of Intent to Seek a Sentence of Death Against Defendant Jamal Shakir. (Doc. No. 3238).

After review, the Court **GRANTS in part** Defendant's Motion *in Limine* To Prohibit Improper Closing Argument (Doc. No. 3243). The Court hereby **PRECLUDES** the Government from arguing the possibility of escape in support of the future dangerousness factor. While the Court makes no finding as to whether there is a per se bar to argument about the possibility of escape, considering the extensive evidence in this case on the security of the Bureau of Prisons, the Court finds that arguing that Shakir may escape from prison is inappropriate. Cf. United States v. Diaz, No. CR 05-00167, 2007 WL 656831 (N.D.Cal. Feb. 28,

2007) (discussing the propriety of future dangerousness the court stated, "[i]f , however, the government's incarceration protocols would nullify defendant's dangerousness, presentation of this evidence to the jury would not be relevant to the sentencing determination."). In addition, the Court **PRECLUDES** the Government from referring to Ms. Vogelsang's testimony in the Zacharias Moussaoui trial, or mentioning the Moussaoui case in any manner. Finally, the Court **RESERVES JUDGMENT** on the issue of the Government's reference to the murders of Sharon Duran, Shannon Walker and Richard Chambers. There was no argument on this portion of the Motion *in Limine* and the Court would be aided by explanation from the Government as to how these murders are relevant in light of the jury's finding in the first phase of this trial that Jamal Shakir did not conspire to kill those victims.

Finally, the Court **DENIES** Defendant's Objections to Subjecting Defendant to Multiple Punishments (Doc. No. 3228). Therefore, the Court finds that the jury must make findings as to each death eligible count. See United States v. Causey, 185 F.3d 407, 423 (5th Cir. 1999) ("The jury did not make separate recommendations concerning the appropriate penalties for each count of conviction. Because it is impossible to say that the jury's penalty phase recommendations of the death penalty were not influenced by the fact that Davis and Hardy had received three death eligible convictions, rather than two, we must vacate the death sentences and remand for new sentencing hearings.").

It is so ORDERED.

Entered this the 9th day of May, 2008.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT